UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY FREDERICK HOFFMAN, | No. 2:16-cv-1013-EFB P |
| Petitioner, | |
| v. | ORDER |
| TOM BOSENKO, | |
| Respondent. | |

Petitioner was a pretrial detainee at that time he commenced this proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

Petitioner alleges that his cell was searched and officers found a razor that was not his. Petitioner claims he was maliciously charged for the cost of the razor, and denied due process through a fair and proper hearing in accordance with the California Penal Code and CDCR regulations. Petitioner also complains that the district attorney charged him with second degree robbery.[1] As relief, petitioner requests reimbursement and that the County Jail be ordered "to remove the debt on [his] trust account." ECF No. 1 at 9.

---

[1] It is not clear whether these charges were based on the razor found in petitioner's cell or on some other offense.

1    Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus.  *See* Rules 1(b) & 4, Rules Governing Section 2254 Cases.  The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ."

Here, the petition must be dismissed with leave to amend because it fails to demonstrate that petitioner is entitled to habeas relief.  A writ of habeas corpus cannot issue under 28 U.S.C. § 2241 unless a prisoner is in custody in violation of federal law.  28 U.S.C. § 2241(c)(3).  Moreover, a section 2241 petition serves as a vehicle for attacking the execution of one's sentence.  *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004).  Petitioner neither asserts that he is in custody in violation of federal law, nor challenges the execution of his sentence.  Rather, petitioner identifies himself as a pretrial detainee facing charges brought under state law, and his claims appear related to the conditions of his confinement.[2]  Therefore, there is no apparent basis for relief pursuant to § 2241.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* (ECF No. 5) is granted.
2. Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2241 is dismissed with leave to amend.  If petitioner wishes to proceed with this habeas action, he shall file an amended petition within 30 days from the date of this order.  Any amended petition shall clarify the legal and factual basis of his claims and demonstrate that relief is proper pursuant to § 2241.

DATED: March 22, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] If petitioner wishes to initiate an action regarding his conditions of confinement, he should commence a civil action pursuant to 42 U.S.C. § 1983.